# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NORTH AMERICAN GALVANIZING & COATINGS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 08 C 7353<br>)<br>) Judge Joan B. Gottschall |
| LAKE RIVER CORPORATION, INC. et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff North American Galvanizing & Coatings, Incorporated ("North American") brought this diversity action seeking contribution for liability that North American incurred as a result of alleged violations of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 *et seq.*[1] In its Amended Complaint, North American seeks recovery from, *inter alia*, defendant Lake River Corporation ("Lake River") under several legal theories including, in Count III, the Illinois Joint Tortfeasor Contribution Act, 740 Ill. Comp. Stat. 100/0.01 *et seq.* (the "Contribution Act"). (*See* Am. Compl., Doc. No. 37.) This matter is presently before the court on Lake River's motion to dismiss Count III.

### I. RELEVANT ALLEGATIONS

North American, formerly known as Kinark Corporation ("Kinark"), owned Lake River from 1968 until 2000. (Am. Compl. ¶¶ 3, 15.) Lake River leased parcels of land in Forest View and Summit, Illinois from the Metropolitan Water Reclamation District of

---

[1] As discussed in greater detail within, the parties dispute whether CERCLA was the only basis for the liability for which North American now seeks contribution.

Greater Chicago (the "MWRD"), on which land Lake River conducted chemical processing and storage services. (*Id.* ¶¶ 4, 13, 14.) In conducting its business on the land in question, Lake River allegedly handled millions of gallons of chemicals and other substances per year. (*Id.* ¶ 18.) According to the Amended Complaint, Lake River's use of the land caused non-specified "environmental issues" which led the MWRD to file suit in this district against Lake River and others in 2003, seeking recovery of cleanup costs under CERCLA and damages sounding in contract and tort. (*Id.* ¶¶ 23, 24, 29.) The MWRD obtained a default judgment against Lake River and others (*id.* ¶ 31), then added North American as a defendant. (*Id.* ¶ 33.) North American eventually settled the MWRD's claims against it for $1,400,000. (Am. Compl. ¶ 36.)

North American brought this suit against Lake River and others to recover the amount it paid to settle the MWRD's claim. North American specifically seeks contribution from Lake River, first under CERCLA and, alternatively, under the Contribution Act. (*Id.* ¶¶ 44-56, 67-69.) Lake River seeks dismissal of North American's Contribution Act claim.

## II.  LEGAL STANDARD

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

### III. ANALYSIS

Lake River seeks dismissal of North American's Contribution Act claim on two grounds. First, Lake River asserts that claims under the Contribution Act must be based on underlying liability in tort and that the MWRD's suit sounded in CERCLA, not in tort. Second, according to Lake River, a provision of CERCLA allows contribution claims for CERCLA liability and thereby preempts Contribution Act claims. The court considers each argument in turn.

**A.  Tort Liability under the Contribution Act**

The Contribution Act states in relevant part:

> Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.

740 Ill. Comp. Stat. 100/2(a) (West 2006); *see also, e.g.*, *Guerino v. Depot Place P'ship*, 730 N.E.2d 1094, 1099 (Ill. 2000) ("Contribution liability is predicated on tort, not contract, liability."). Lake River maintains that CERCLA liability, but not tort liability, arose from the underlying litigation.

Resolution of Lake River's first argument requires a determination whether, based on the pleadings and any other documents that are proper for consideration at this stage, Lake River was potentially liable in tort in the underlying action. As the Illinois Supreme Court has explained:

> As the language of the [Contribution Act] indicates, a party's obligation to make contribution rests on his liability in tort to the injured or deceased party, *i.e.,* the plaintiff in the underlying action. There is no requirement that the bases for liability among the contributors be the same. However, some basis for liability to the original plaintiff must exist. <u>If a defendant is not a tortfeasor *vis-a-vis* the original plaintiff, it cannot be a joint</u>

> tortfeasor *vis-a-vis* a codefendant and may not be held liable to that codefendant for contribution.

*Vroegh v. J & M Forklift*, 651 N.E.2d 121, 125 (Ill. 1995) (citations omitted) (emphasis added). In this case, the defendant from whom contribution is sought is Lake River.

Ascertaining the nature of Lake River's liability to the MWRD requires consideration of filings from the underlying litigation, none of which were attached to the complaint. A motion pursuant to Rule 12(b)(6) generally countenances the consideration only of the complaint. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). However, there are several exceptions to this general rule, including a "narrow" exception permitting consideration of matters of public record, *id.*, and another exception allowing the court to consider matters that are referenced in the complaint and central to the plaintiff's claim. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). North American's complaint refers to several documents from the underlying litigation, including the MWRD's First Amended Complaint and an order of default and default judgment entered against Lake River and others. (Am. Compl. ¶¶ 30-32.) These three documents, in addition to being matters of public record, bear on Lake River's tort liability in the underlying litigation and are central to North American's Contribution Act claim here. Therefore, the court properly considers them in determining whether Lake River was potentially liable in tort to the MWRD.

In the underlying suit, the MWRD's First Amended Complaint sought recovery from Lake River and others under CERCLA, breach of contract, and several tort doctrines. The MWRD's pursuit of tort liability against Lake River strongly suggests that

at least part of Lake River's underlying liability was tort-based, and accordingly that North American's Contribution Act claim is proper. A more detailed examination of the tort claims and the judgment entered reaffirm this understanding. In two of its tort claims, the MWRD clearly sought recovery, including punitive damages, beyond that which it sought in its CERCLA claims. (*See* Pl.'s Resp. Ex. A, at 6-13.) The default judgment entered against Lake River in the underlying litigation entered judgment on the specific tort claims seeking such additional relief. (*Id.* Ex. B, at 11-12.) Therefore, the court can only conclude at this early stage that Lake River was at least in part subject to tort liability in the underlying litigation.[2]

In reply, Lake River argues that even if *it* faced tort liability in the underlying litigation, North American did not, meaning that North American incurred no tort liability to which Lake River can contribute. As support, Lake River points to the settlement agreement between North American and the MWRD, which, Lake River maintains, does not reference tort liability, but instead settled only the MWRD's CERCLA claims. Lake River waived this argument by not raising it in the initial motion to dismiss. *Carmichael v. Payment Ctr., Inc.*, 336 F.3d 636, 642 (7th Cir. 2003); *see also Labella Winnetka, Inc. v. General Cas. Ins. Co.*, 259 F.R.D. 143, 151 (N.D. Ill. 2009). Accordingly, Lake River's first basis for its motion to dismiss is rejected.

**B.     Preemption**

Lake River next argues that CERCLA preempts North American's Contribution Act claim. CERCLA's contribution provision provides as follows:

---

[2] The Seventh Circuit has hinted that CERCLA liability is itself tort liability. *See PMC, Inc. v. Sherwin-Williams Co.*, 151 F.3d 610, 617 (7th Cir. 1998) (referring to "the dumping of toxic wastes" as a "tort"). This suggests that a Contribution Act claim could be premised on CERCLA liability. However, as explained within, CERCLA provides its own contribution provision that preempts state law contribution claims to the extent that such claims seek contribution for CERCLA liability.

5

> Any person may seek contribution <u>from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title</u>. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. <u>Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 9606 of this title or section 9607 of this title.</u>

42 U.S.C. § 9613(f)(1) (emphasis added).[3] CERCLA, therefore, allows contribution claims for response costs incurred pursuant to CERCLA. *See id.* § 9607(a). As the Second Circuit has held, "Based on the text, [42 U.S.C. § 9613] was intended to provide the only contribution avenue for parties with response costs incurred under CERCLA. . . . [S]tate law contribution claims for CERCLA response costs conflict with CERCLA contribution claims and therefore are preempted." *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 138 (2d Cir. 2010); *PMC, Inc. v. Sherwin-Williams Co.*, 151 F.3d 610, 618 (7th Cir. 1998) (affirming dismissal of state law contribution claims seeking contribution of CERCLA response costs).

North American contends that it nevertheless can state an alternative claim under the Contribution Act for the same CERCLA recovery costs it seeks by its CERCLA contribution claim. North American relies on Federal Rule of Civil Procedure 8(d)(2), which allows pleading in the alternative, and on the holding of another court in this district that "CERCLA does not bar an action available under state law for contribution for costs incurred as a result of the decontamination of a hazardous waste site against

---

[3] This section was not a part of CERCLA as originally enacted but was added to CERCLA's statutory framework as part of the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), Pub. L. No. 99-499, 100 Stat. 1613 (1986). The Seventh Circuit, in an interlocutory appeal in the MWRD's underlying case, provided an in-depth history of CERCLA, SARA, and contribution claims thereunder. *Metropolitan Water Reclamation Dist. v. N. Am. Galvanizing & Coatings, Inc.*, 473 F.3d 824, 826-28 (7th Cir. 2007).

parties not liable for contribution under CERCLA." *Edward Hines Lumber Co. v. Vulcan Materials Co.*, 685 F. Supp. 651, 658 (N.D. Ill. 1988). The *Edward Hines Lumber* decision was affirmed on appeal, but the affirmance addressed only the defendant's liability under CERCLA's contribution provision without mentioning the viability of an alternative claim under state contribution law. *See Edward Hines Lumber Co. v. Vulcan Materials Co.*, 861 F.3d 155 (7th Cir. 1988). Moreover, the district court's holding in that case is at odds with the Second Circuit's more recent, unambiguous holding that "state law contribution claims for CERCLA response costs conflict with CERCLA contribution claims and therefore are preempted." *Niagara Mohawk Power*, 596 F.3d at 138; *see also PMC*, 151 F.3d at 618 ("[Plaintiff's] invocation of Illinois' contribution statute is an attempt to nullify the sanction that Congress imposed for the kind of CERCLA violation that [plaintiff] committed."). Finally, allowing state-law contribution claims for the recovery of CERCLA response costs would allow a party seeking contribution to recover from a party that the original CERCLA plaintiff could not have pursued, thereby circumventing what several courts have noted is a congressionally created "statutory settlement scheme." *Bedford Affiliates v. Sills*, 156 F.3d 416, 427 (2d Cir. 1998), *overruled on other grounds as recognized by W.R. Grace & Co. v. Zotos Int'l, Inc.*, 559 F.3d 85 (2d Cir. 2009); *see also Matter of Reading Co.*, 115 F.3d 1111, 1117, 1120 (3d Cir. 1997) (noting that Congress intended 42 U.S.C. § 9613 to be the sole means of recovery of contribution for CERCLA response costs), *abrogation on other grounds recognized by E.I. DuPont De Nemours & Co. v. United States*, 460 F.3d 515, 522-23 (3d Cir. 2006); *Niagara Mohawk Power*, 596 F.3d at 138.

However, an important distinction exists between state-law contribution claims seeking recovery of amounts paid as CERCLA response costs, which are preempted, and state-law contribution claims seeking contribution for state-law tort liability. The Seventh Circuit has made clear that state tort claims for environmental damage are not necessarily preempted by CERCLA. *PMC*, 151 F.3d at 618. CERCLA's contribution provision does not allow contribution for liability incurred pursuant to such state tort claims; rather, as quoted above, it authorizes contribution actions only "during or following" an action brought under CERCLA. *See* 42 U.S.C. § 9613(f)(1). Moreover, the contribution provision specifically contains a savings clause stating that the contribution provision "shall not diminish the right of any person to bring an action for contribution in the absence of a civil action" under CERCLA. *Id.* The limitation of CERCLA's contribution provision to CERCLA-related liability suggests it does not preempt state-law contribution claims arising from state-law liability. Therefore, North American's Contribution Act claim is not preempted to the extent that it seeks contribution for amounts that North American paid to settle the MWRD's state-law tort claims. *Cf. Niagara Mohawk Power*, 596 F.3d at 139 ("Because [plaintiff] did not incur costs outside of CERCLA, [plaintiff] has no grounds for contribution under New York law . . . ."). However, any Contribution Act claim arising from underlying state-law tort claims should not be pled as an alternative, because it does not seek the same contribution as North American's CERCLA contribution claim by different means. Rather, the claims stand independently of one another.

North American may not have paid any part of its settlement to the MWRD as consideration for settlement of the MWRD's state tort law claims, as Lake River claims,

in which case North American may have no Contribution Act claim. However, as described in Section III.A above, at this stage the court can conclude only that the Contribution Act claim has a proper basis in tort, and therefore is not preempted if stated independently. North American's Contribution Act claim currently is pled as an alternative to its CERCLA contribution claim, is to that extent preempted, and requires re-pleading.

## IV. CONCLUSION

Lake River's motion to dismiss is granted. North American is granted 21 days' leave to re-plead in a manner consistent with this opinion.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 9, 2010